Per Curiam.

In this action by a guest who tripped over a rug and was injured while leaving defendant’s residence, the trial court in effect held that plaintiff was a social guest as dis *889 tinguished from a licensee, and that defendant had a duty to warn him of defects known to defendant and which were neither hidden nor traps. This was error. Plaintiff, as a social guest, was a licensee and defendant’s duty must accord with the established rules governing such relationship (Plotz v. Greene, 13 A D 2d 807, affd. 10 N Y 2d 991; Goldstein v. Board of Educ. of Union Free School Dist. No. 23, Town of Hempstead, 24 A D 2d 1015, affd. 18 N Y 2d 991; Levine v. Barfus, 28 A D 2d 896; Bua v. Fernandez, 21 A D 2d 887, revd. 15 N Y 2d 664). The rights and obligations of the respective parties should be adjudicated on the basis of plaintiff’s status as a licensee (Finkle v. Zimmerman, 26 A D 2d 179).
The judgment should be unanimously reversed, without costs, and a new trial ordered.
Concur — Groat, P. J., Rinaldi and Cone, JJ.
Judgment reversed, etc.